# United States Court of Appeals
## for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
August 4, 2025

Lyle W. Cayce
Clerk

No. 24-40263

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

ROBERTO MOYA,

*Defendant—Appellant*.

_____

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 2:22-CR-410-1

_____

Before KING, SMITH, and DOUGLAS, *Circuit Judges*.

PER CURIAM:[*]

A jury convicted Roberto Moya of possessing a firearm as a felon in violation of 18 U.S.C. § 922(g)(1). He challenges the sufficiency of the evidence and the correctness of the verdict form provided to the jury. We affirm.

I.

Federal agents found six firearms while executing a search warrant at

_____

[*] This opinion is not designated for publication. *See* 5TH CIR. R. 47.5.

the house that Moya shared with Gilbert Rangel, a drug dealer.  One handgun was under Moya's mattress; agents also found ammunition in the bedroom, which Moya occupied alone.  They discovered two firearms wrapped in socks in a spare bedroom.  The garage, which Rangel used only to access the refrigerator and freezer, had a shotgun.  There were two guns in Rangel's bedroom.  Loose ammunition was scattered around the house.

A grand jury indicted Moya for possession of more than 50 grams of methamphetamine with intent to distribute, 21 U.S.C. § 841(a)(1), and for possession of a firearm or ammunition as a felon, 18 U.S.C. § 922(g)(1).

At trial, Rangel testified that Moya provided "security" for Rangel and had carried guns in that role.  Rangel also testified that he did not store guns in the home's common areas.

Before jury deliberations, the district court clarified the unanimity requirement on the § 922(g)(1) count.  The government did not need to prove that Moya possessed all ammunition or firearms listed in the indictment, the court explained, but all jurors "must agree that the same firearm or the same ammunition has been proved."  The verdict form read: "We, the Jury, find the defendant, ROBERTO MOYA, _____ as charged in Count Two [§ 922(g)(1)] of the Indictment. ('Guilty' or 'Not Guilty')."  It did not include a space to list the agreed-upon firearm or ammunition.

The jury convicted Moya of possessing a firearm as a felon under § 922(g)(1).  It acquitted him of possession of methamphetamine with intent to distribute, 21 U.S.C. § 841(a), but convicted him of the lesser-included offense of simple possession of a controlled substance, 21 U.S.C. § 844(a).

On appeal, Moya claims that evidence was insufficient to sustain the conviction and that the verdict form "was confusing and improper" with respect to the § 922(g)(1) count "by omitting the question as to which Firearm and/or ammunition the Jury unanimously agreed Moya possessed."

II.

Because he moved for a judgment of acquittal, we review Moya's sufficiency-of-the-evidence challenge *de novo*, *United States v. Sanders*, 952 F.3d 263, 273 (5th Cir. 2020), "considering the evidence and all reasonable inferences in the light most favorable to the verdict, to determine whether any rational jury could have found the essential elements beyond a reasonable doubt," *United States v. Campos-Ayala*, 105 F.4th 235, 240–41 (5th Cir. 2024) (en banc) (citing *United States v. Delgado*, 984 F.3d 435, 446 (5th Cir. 2021)), *cert. denied*, 145 S. Ct. 1067 (2025).

"To convict under 18 U.S.C. § 922(g)(1), the Government must prove: (1) the defendant was previously convicted of a felony, (2) the defendant knowingly possessed a firearm [or ammunition], and (3) the firearm [or ammunition] traveled in or affected interstate commerce." *United States v. Huntsberry*, 956 F.3d 270, 279 (5th Cir. 2020) (citation omitted) (firearm); *United States v. Meza*, 701 F.3d 411, 421–22 (5th Cir. 2012) (ammunition).

Moya disputes only possession. "Possession . . . may be actual or constructive[] and may be proved by circumstantial evidence." *Huntsberry*, 956 F.3d at 279. As the parties do, we focus on constructive possession. "A person has constructive possession by '(1) ownership, dominion or control over the item itself or (2) dominion or control over the premises.'" *Campos-Ayala*, 105 F.4th at 240 (quoting *Meza*, 701 F.3d at 419). In cases of joint occupation of a premises, however, "[t]he government must point to some evidence supporting at least a plausible inference that the defendant had knowledge of and access to the firearm." *United States v. Wilson*, 111 F.4th 567, 572 (5th Cir. 2024) (cleaned up) (quoting *United States v. Mergerson*, 4 F.3d 337, 349 (5th Cir. 1993)). "Th[at] inquiry is 'fact-specific' and driven by 'common sense.'" *Id.* (citation omitted).

There was sufficient evidence for a jury to find that Moya construc-

tively possessed the gun and ammunition found in his bedroom. Because he occupied that bedroom alone, a rational jury could conclude that he knew about and had access to the contraband within. *Contra Megerson*, 4 F.3d at 348–49 (shared bedroom).[1]

A rational jury could also conclude that Moya "had knowledge of and access to" guns and ammunition stored in common areas. *Wilson*, 111 F.4th at 572. Rangel said that he did not store his weapons in common areas, which supports the inference that they were Moya's. In addition, Rangel testified that he used the garage only for its refrigerator and freezer, which would allow a rational jury to infer that Moya knew about, and could access, the shotgun found in the garage. And, in a spare bedroom, there were two firearms, partially wrapped in socks, sitting "in plain view" on a table; that "location supports an inference of constructive possession under a joint occupancy standard." *See Meza*, 701 F.3d at 421. *Accord United States v. Mudd*, 685 F.3d 473, 480 (5th Cir. 2012) ("[I]t is reasonable to infer, particularly after consideration of his inconsistent statements, that belongings in his bedroom belonged to or were accessible to him.") *Contra Megerson*, 4 F.3d at 348–49 (no constructive possession in part because gun was not in plain view).

Rangel also testified that Moya acted as Rangel's security guard and had carried guns in the past. "Given [Moya's] role," a jury "could conclude that he knew of and could access" the firearms and ammunition. *See Wilson*, 111 F.4th at 572, 573.

Moya complains that "the government's case revolved around the

---

[1] In *Megerson*, we found insufficient evidence of constructive possession where (1) the weapon was found in the bedroom that defendant shared with his girlfriend; (2) a receipt showed that the weapon was purchased by the girlfriend; and (3) the weapon was not in plain view. 4 F.3d at 348–49.

jury believing Mr. Rangel['s]" testimony and insists that he, Moya, "continually denied ownership and possession of the firearm." But reviewing for sufficiency of the evidence, we "defer to the [jury's] resolution with respect to the weight and credibility of the evidence." *Meza*, 701 F.3d at 418.

The evidence was sufficient to convict Moya under § 922(g)(1).

## III.

Moya also bemoans that "the jury verdict failed to show which firearm or ammunition they unanimously found Moya to be in possession of." That defect, he says, "rais[es] questions as to the clarity of the instructions and ultimate verdict."

He waived that argument at trial. *See United States v. Rodriguez*, 602 F.3d 346, 351 (5th Cir. 2010) (describing waiver as an "intentional relinquishment of a known right"). The court asked for "any objections on the verdict form." Moya's counsel responded, "No, Your Honor." *See United States v. Stuart*, 132 F.4th 892, 902 (5th Cir. 2025) (finding waiver where defendant "affirmatively agreed" to jury instruction). We accordingly cannot review his challenge. *See Rodriguez*, 602 F.3d at 350.

The judgment is AFFIRMED.